O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHAUN CHAPPELL,                    )   Case No. CV 14-00130 DDP (RZx)
                                   )
            Plaintiff,             )   **ORDER GRANTING DEFENDANTS' MOTION**
                                   )   **TO DISMISS AND DENYING**
      v.                           )   **PLAINTIFF'S APPLICATION FOR ENTRY**
                                   )   **OF JUDGEMENT AGAINST DEFENDANTS**
JOHN BARKLEY, in his               )
individual capacity as             )   [Dkt. Nos. 6, 14 & 19]
SERGEANT JOHN BARKLEY Badge        )
#32428; KENNETH CURTIS, in         )
his individual capacity as         )
OFFICER KENNETH CURTIS Badge       )
#40858; and CHRISTOPHER            )
PHELAN, in his individual          )
capacity as OFFICER                )
CHRISTOPHER PHELAN Badge           )
#39661,                            )
                                   )
            Defendants.            )
_____   )

      Presently before the court is a Motion to Dismiss filed by

Defendants John Barkley, Kenneth Curtis and Christopher Phelan.

(Dkt. 6.) Also before the court is an Application for Entry of

Default Judgement filed by Plaintiff in Pro Per Shaun Chappell.

(Dkt. 14.) These matters are suitable for decision without oral

argument. Having considered the parties' submissions, the court

adopts the following order.

I.  **Background**

   As best the court can discern from Plaintiff's Complaint, which includes various digressions and exhibits of unclear relevance, Plaintiff's factual allegations are as follows:

   On January 11, 2013, at approximately 9:20 p.m., Plaintiff was engaged in a dispute with employees of a repossession company, Active Adjusters, who were attempting to repossess Plaintiff's vehicle. (Complaint ¶ 17-18.) Plaintiff locked himself inside the vehicle and refused to vacate. (Id. ¶ 21.) The Los Angeles Police Department ("LAPD") was called and several officers arrived on the scene, including Defendants Barkley, Curtis, and Phelan. (Id. ¶ 22-23, 31.) Following their arrival, Plaintiff remained locked inside the vehicle and communicated to the officers that "he is a sovereign man and not bound to the laws and codes of the United States" and provided Defendant Phelan with "paperwork ... expound[ing] on Plaintiff's status." (Id. ¶¶ 24-30.) At some point, Defendant Barkely informed Plaintiff that he had two misdemeanor warrants for his arrest. (Id. ¶ 33.) Plaintiff eventually vacated the vehicle, was placed under arrest, handcuffed, placed in the back of a patrol car, and taken to the LAPD Hollywood Division for booking. (Id. ¶ 42-42.) Plaintiff was detained for approximately sixteen hours. (Id. ¶ 42.)

   On January 7, 2014, Plaintiff filed the instant action in which, on the basis of the above allegations, he asserts that Defendants violated several of his rights under the constitutions of the United States and the State of California. (Id. ¶¶ 50-60.) He alleges damages of $110,000,000.000. (Id. ¶ 7.)

## II.  Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id</u>. at 679. Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make a "short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" <u>Id</u>. 678 (quoting <u>Twombly</u>, 550 U.S. at 555). The complaint fails to contain short and plain statements of the claims.  It is unclear what the central allegation of Plaintiff's complaint is, and Defendant has not been put on fair notice of the claims against him.  Indeed, it is unclear how Defendant would begin to formulate a response to the Complaint, other than bring the instant motion.

**III. Discussion**

Defendant moves to dismiss the Complaint on the ground that Plaintiff has failed to state a claim upon which relief can be granted. The court agrees.

Plaintiff does not state in his Complaint any discernable cause of action. Plaintiff quotes the text of First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Fourteenth Amendments of the United States Constitution, as well as Article 1, Sections 1-3 of Constitution of the State of California. (Compl. ¶ 50-60.) However, Plaintiff does not explain in his Complaint or in his Opposition to the instant Motion to Dismiss how Defendants' conduct violated his rights under any of these constitutional provisions. Nor is any theory of relief under these provisions plausible from the court's review of the facts alleged in the Complaint.

**A.   First Amendment**

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a constitutional right and (2) that the violation was committed by a person under acting the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not set forth any facts to show how his First Amendment rights were violated in the course of his arrest or at any other time. Accordingly, no claim under the First Amendment is plausible.

**B.   Fourth Amendment**

Plaintiff appears to assert that his Fourth Amendment rights were violated in the course of his arrest. (See Compl. ¶¶ 31-46, 51.) However, no such claim is plausible.

Arresting officers have probable cause to execute an arrest if, at the moment of the arrest, "the facts and circumstances

4

within their knowledge and of which they had reasonably trustworthy
information were sufficient to warrant a prudent man in believing
that the [arrested person] had committed or was committing an
offense." <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964).

Here, Plaintiff acknowledged that at the time of his arrest
there were two outstanding warrants for his arrest--indeed,
Plaintiff attached both warrants to his Complaint--and that
Defendants arrested him expressly pursuant to these warrants. (<u>See</u>
<u>id.</u> ¶ 33, Ex. G.) As the warrants constituted probable cause for
his arrest, Plaintiff has not pled a plausible Fourth Amendment
violation with respect to fact of the arrest. Nor has Plaintiff
alleged any facts to support a claim that Defendants violated his
Fourth Amendment rights by using excessive force in carrying out
the arrest.

**C. Fifth Amendment and Fourteenth Amendments**

Plaintiff has not identified any ways in which his Fifth or
Fourteenth Amendment rights were violated by Defendants' conduct.
To the extent Plaintiff alleges that his rights to due process
under the Fourteenth Amendment were violated through the
repossession of his vehicle, this claim fails because, under the
facts as alleged, the repossession was executed not by police but
by Active Adjusters. (<u>See</u> Compl. ¶¶ 19-22.) Plaintiff has not
explained how Defendants were responsible for or played a role in
the repossession, as their conduct under the facts alleged was
limited to arresting Plaintiff on the basis of the two extant
warrants.

**D.   Seventh Amendment**

The Seventh Amendment provides that a defendant is entitled to a right jury trial in certain civil cases. Plaintiff has not alleged any facts suggesting a Seventh Amendment violation nor explained why the Amendment is relevant in this case.

**E.   Eighth Amendment claim**

The Eighth Amendment prohibits "cruel and unusual punishments," as well as excessive bail and fines in certain circumstances. The Amendment does not apply where the government has not "secured a formal adjudication of guilt." Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)(internal quotations omitted). Plaintiff does not explain, nor can the court discern, any plausible manner in which Defendants' Eighth Amendment rights were violated here, where Plaintiff was arrested on two misdemeanor warrants and detained for approximately sixteen hours, but has not been convicted of any crime.

**F.   Ninth and Tenth Amendments**

The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." However, the Amendment "has not been interpreted as independently securing any constitutional rights." San Diego County Gun Rights Committee v. Reno, 98 F.3d 1121, 1124-25 (9th Cir. 1996). The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the States respectively, or to the people." Plaintiff quotes from both Amendments in his Complaint but does not explain, nor can

the court discern, how either Amendment is relevant to this action.

**G.    State Law Claims**

Plaintiff quotes from Article I, Sections 1-3 of the California Constitution, though he does not explain how his rights were violated under these provisions. Because, per the above discussion, the court has already "dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over the remaining state law claim.

**IV. Conclusion**

For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED. The Court finds that Plaintiff's Application for Default Judgment is dismissed as moot.

IT IS SO ORDERED.

Dated: July 15, 2014                              DEAD D. PREGERSON

United States District Judge

7